IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

STEPHANIE BARNETT,

        Plaintiff,

vs.                                            No. CIV 14-1765 JAP/GPG

THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF MONTROSE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This employment gender and/or pregnancy discrimination case was tried before a jury from July 13, 2015 to July 17, 2015 in the federal courthouse in Grand Junction, Colorado. The jury found in favor of Plaintiff and awarded back pay damages of $270,000.00, compensatory damages of $32,500.00 for pain and suffering and humiliation, and special out of pocket damages of $3,900.00.

Plaintiff now seeks prejudgment and post judgment interest on the jury's award of backpay and compensatory damages. PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND PRE AND POST-JUDGMENT INTER[E]ST (Motion) (Doc. No. 95). Defendant concedes an award of post judgment interest under 28 U.S.C. § 1961 but argues Plaintiff is not entitled to prejudgment interest on the backpay award or the compensatory damages award. DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND PRE AND POST-JUDGMENT INTEREST (Response) (Doc. No. 97). Defendant also challenges Plaintiff proposed interest rate. PLAINTIFF'S REPLY IN SUPPORT OF MOTION

Case 1:14-cv-01765-JAP-GPG   Document 101   Filed 09/11/15   USDC Colorado   Page 2 of 6

FOR PRE AND POST JUDGMENT INTEREST (Reply) (Doc. No. 98) urges the Court to reject all of Defendant's arguments.

      I.     <u>Prejudgment Interest</u>

            *A.  Prejudgment Interest on Backpay Award*

"Title VII authorizes prejudgment interest as part of the backpay remedy in suits against private employers." *Loeffler v. Frank*, 486 U.S. 549, 557–58 (1988). "A backpay award authorized by § 706(g) of Title VII, as amended, 42 U.S.C. § 2000e-5(g), is a manifestation of Congress' intent to make "persons whole for injuries suffered through past discrimination." *Id.* at 558 (citation omitted). Prejudgment interest is an element of complete compensation. *Id.* (citation omitted). "[P]rejudgment interest helps to make victims of discrimination whole and compensates them for the true cost of money damages they incurred." *Reed v. Mineta*, 438 F.3d 1063, 1066 (10th Cir. 2006) (citation omitted).

The Court exercises its sound discretion in determining an award of prejudgment interest. *Caldwell Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1287–88 (10th Cir. 2002) (citations omitted). "A two-step analysis governs the determination of such an award. *Id.* at 1286. The district court first determines if an award of prejudgment interest will serve to compensate the injured party. Even if found compensatory in nature, the court also must determine whether "the equities would preclude the award of prejudgment interest." *Id.*

The Court finds that awarding prejudgment interest on the backpay award is compensatory in nature, rather than punitive. Awarding prejudgment interest on the backpay award will place Plaintiff in the position she would have been but for the wrongful termination. The Court further finds that awarding prejudgment interest on the backpay award would not be inequitable. Normally, prejudgment interest is awarded on successful federal claims. *FDIC v.*

2

*UMIC, Inc.*, 136 F.3d 1375, 1388 (10th Cir. 1998). In fact, in the federal context, the Tenth

Circuit Court has preferred to award prejudgment interest. *United Phosphorus, Ltd. v. Midland*

*Fumigant, Inc.*, 205 F.3d 1219, 1236-37 (10th Cir. 2000) (citations omitted). The Court

concludes that the equities favor granting prejudgment interest on the backpay award and will,

therefore, grant prejudgment interest on the $270,000.00 in backpay damages.

### B.   *Prejudgment Interest on Compensatory Damages*

As conceded by Plaintiff, Title VII does not expressly authorize an award of prejudgment

interest on compensatory damages. Instead, 42 U.S.C. § 2000e-5 permits the Court to "order any

other equitable relief" the Court deems appropriate. An award of prejudgment interest under

federal law is intended "to compensate the wronged party for being deprived of the monetary

value of [her] loss from the time of the loss to the payment of judgment." *U.S. Indus., Inc. v.*

*Touche Ross & Co.*, 854 F.2d 1223, 1256 (10th Cir. 1988*), implied overruling on other grounds*

*recognized by Anixter v. Home-Stake Prod. Co*., 77 F.3d 1215, 1231 (10th Cir. 1996).

The Court finds that the award of prejudgment interest on the $270,000.00 award of

backpay damages will sufficiently compensate Plaintiff for the pertinent period of loss. An award

of prejudgment interest on the compensatory damages would duplicate damages already

permitted. *See Hall v. Terrell*, 648 F. Supp. 2d 1229, 1232 (D. Colo. 2009) (concluding that

while the plaintiff's injuries were "horrific," her emotional distress and suffering did not actually

deprive her of the monetary value of her loss; consequently, an award of prejudgment interest

would be duplicative). Having found that an award of prejudgment interest on the compensatory

damages portion of the verdict would be inequitable and inappropriate, the Court exercises its

discretion and declines to grant prejudgment interest on the compensatory damages of

$32,500.00 and the out-of-pocket expenses of $3,900.00.

C.  *Interest Rate*

Having found that prejudgment interest will be awarded on the backpay damages, the Court must resolve the dispute over what interest rate should apply. Plaintiff argues that the Court should use the State of Colorado general statutory interest rate of 8% per annum. Motion at 3 (citing § 5-12-101 C.R.S.). Defendant proposes a prejudgment interest rate of 0.26%, which Defendant contends is equal to the weekly average 1-year constant maturity treasury yield for the calendar week preceding the date of the verdict. Response at 4–5. Defendant relies on 28 U.S.C. § 1961(a) in support of its proposed interest rate, which refers to the weekly average 1-year constant maturity treasury yield "for the calendar week preceding the date of the judgment."

The Court has significant discretion in setting the prejudgment interest rate. *EEOC v. Western Trading Co., Inc.*, 291 F.R.D. 615, 621 (D. Colo. 2013). In *Western Trading Co.,* the District Court for the District of Colorado observed that courts had applied any of three interest rates, including the Colorado statutory interest rate of 8%, the then federal post-judgment interest rate of 0.5%, and the IRS underpayment rate set forth in 26 U.S.C. § 6621, which is the federal short-term rate plus three percent. *Id.* The Court elected to use the rate set forth in 26 U.S.C. § 6621, finding that it "best reflect[ed] the economic reality of the backpay period" and that the rate in § 6621 "split[] the difference, ensur[ing] that [the plaintiff] is fully compensated for his damages without receiving a windfall." *Id.* at 621–22.

For similar reasons, this Court will use the rate set forth in 26 U.S.C. § 6621, which is the quarterly rate of 0.54% for September 2015 plus 3 percent, or 3.54%. The Court required counsel for the parties to confer and submit their computation for prejudgment interest on the backpay damages of $270,000.00 at a rate of 3.54%, consistent with the *Reed* Court's instructions that

4

backpay losses were not incurred all at once and that interest could not begin on the entire amount all at once. *Reed*, 438 F.3d at 1067 n.4.

On September 9, 2015, counsel for the parties filed the INTEREST CALCULATION with an attached worksheet, setting forth a total prejudgment interest amount of $11,178.35 on the backpay award of $270,000.00. Doc. No. 100.

II.     Post Judgment Interest

Plaintiff argues that she is entitled to post judgment interest on all of her damages, including front pay. Interest is to be allowed on any money judgment in a civil case recovered in a district court and "shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield." 28 U.S C. § 1961.

Defendant concedes that "post-judgment interest from the entry of the district court's judgment is mandatory pursuant to 28 U.S.C. § 1961(a)." Response at 5 n.1. Although Defendant opposed Plaintiff's request for front pay, the Court found that Plaintiff is entitled to an award of front pay. Doc. No. 99. Thus, it appears Defendant agrees that Plaintiff is entitled to post judgment interest on all of her damages.

The Court will grant Plaintiff's request for post judgment interest on all of Plaintiff's damages and sets a post judgment interest rate of .37%, the weekly average 1-year constant maturity Treasury yield for the week ending September 4, 2015, which is the week preceding the date of Judgment. To recap, post judgment interest will be allowed on the following damages: backpay, including prejudgment interest, of $281,178.35, compensatory damages of $32,500.00, out of pocket expenses of $3,900.00, and, front pay of $465,011.00.

IT IS THEREFORE ORDERED that PLAINTIFF'S MOTION FOR ENTRY OF

JUDGMENT AND PRE AND POST-JUDGMENT INTER[E]ST (Doc. No. 95) is GRANTED

in part and DENIED in part.

To summarize the Court's findings of the amounts to be paid to Plaintiff, I find that

Plaintiff is entitled to the total award of $782,589.35, which is comprised of:

1) backpay with prejudgment interest at a rate of 3.54% in the total sum of $281,178.35;

2) compensatory damages of $32,500.00, without prejudgment interest;

3) out of pocket expenses of $3,900.00, without prejudgment interest; and

4) front pay in the total sum of $465,011.00.

In addition, Plaintiff will be awarded post judgment interest at a rate of .37% on the total

sum of $782,589.35.

_____
SENIOR UNITED STATES DISTRICT JUDGE