**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

STEPHANIE BARNETT,

        Plaintiff,

vs.                                                      No. CIV 14-1765 JAP/GPG

THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF MONTROSE,

        Defendant.

**ORDER ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On October 28, 2015, this Court referred PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (Motion) (Doc. No. 106) to United States Magistrate Judge Gordon P. Gallagher to mediate the question of attorneys' fees and costs or to issue recommendations (Doc. No. 112). Plaintiff initially requested a fee award of $203,990.25 and litigation expenses of $15,014.74. In PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND COSTS (Supplemental Motion) (Doc. No. 114), Plaintiff asked for additional fees and costs in the amount of $10,805.00, for a total request of $229,710.59. Motion at 17; Supplemental Motion at 3.

In reaching a recommendation as to an award of attorneys' fees and costs, Magistrate Judge Gallagher considered all of the briefing and exhibits (Doc. Nos. 106, 111, 112, 113), including Plaintiff's Supplemental Motion (Doc. No. 114), which seeks fees and costs associated

with work that Plaintiff's attorneys completed after filing the Motion.[1] RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (Recommendation) (Doc. No. 117). In the Recommendation, Magistrate Judge Gallagher addresses, *inter alia,* the determination of hourly attorney fee rates, the reasonableness of the fee requests, the appropriateness of reimbursement for paralegal work, the justification of supplemental fee requests, and those parts of Plaintiff's Motion that Defendant challenges. Magistrate Judge Gallagher recommended a total award of fees and costs of $224,713.54. Recommendation at 2.

Defendant filed timely objections to Magistrate Judge Gallagher's Recommendation and requested "extensive deductions to the fees and expenses sought by Plaintiff." DEFENDANT'S OBJECTIONS TO THE RECOMMENDATION OF UNITED [STATES] MAGISTRATE JUDGE ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (Objections) (Doc. No. 118). The Court conducted a *de novo* review of those portions of the Magistrate Judge's Recommendation to which Defendant objected. *See* 28 U.S.C. § 636(b)(1) (requiring de novo review of timely objections); *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) (same).

Defendant's Objections take issue with the Magistrate Judge's evaluations and determinations of: (1) the relevant community in relation to the appropriate market rate for attorneys' fees; (2) the weight given to Defendant's expert report and affidavits; (3) the requested hourly rates for attorneys' fees; (4) the meticulousness of time records; (5) the excessiveness or duplication of billing requests; (6) the fee requests and/or fee reductions for work on claims

---

[1] Defendant did not file a response to the Supplemental Motion. However, the Magistrate Judge considered the Supplemental Motion, and Defendant had an opportunity to contest matters raised in the Supplemental Motion in Defendant's later-filed objections (Doc. No. 118). Moreover, on December 23, 2015, this Court wrote defense counsel requesting clarification of whether Defendant objected to any of the fees and costs in the Supplemental Motion. Defendant did not file a response to the Court's letter by the December 30, 2015 deadline. Thus, the Court presumes that Defendant does not object to the Supplemental Motion.

against earlier Defendant Roy Eckert; (7) the time billed for paralegal or secretarial tasks; and (8) the compensability of specific expenses. Defendant argues that Magistrate Judge Gallagher's Recommendation is unsupported, erroneous for a variety of reasons, inconsistent with or distinguishable from pertinent case law, and contrary to Plaintiff's own arguments. Objections at 1–8. In addition, Defendant asserts that Magistrate Judge Gallagher fails to provide a meaningful analysis of Plaintiff's attorneys' "clearly deficient" and "imprecise" invoices, ignores "obvious examples of excessive time and duplication of services" requested by Plaintiff's attorneys, and "minimizes Defendant's legitimate concerns" with billing entries." *Id.* at 8–10. In sum, Defendant contends that Magistrate Judge Gallagher fails to sufficiently reduce the fees requested by Plaintiff's attorneys and fails to strike certain expenses. *Id.* at 10–14.

After carefully reviewing Defendant's Objections, all of the underlying attorney fee filings and exhibits, and the pertinent law, the Court finds that Magistrate Judge Gallagher's Recommendation is thorough, well-reasoned, and supported by law. In other words, the Court concludes, after a *de novo* review of the Objections, that no modifications of the Recommendation are warranted. Thus, the Court will overrule Defendant's Objections and adopt the Recommendation in its entirety.

IT IS THEREFORE ORDERED that:

(1) the RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (Doc. No. 117) is adopted by the Court;

(2) DEFENDANT'S OBJECTIONS TO THE RECOMMENDATION OF UNITED [STATES] MAGISTRATE JUDGE ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 118) are overruled; and

(3) Attorneys' fees and costs in the total amount of $224,713.54 are awarded to Plaintiff.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Dated: December 31, 2015